UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: SHOUA XIONG,  No. 17-12681-j7

Debtor.

**<u>MEMORANDUM OPINION</u>**

THIS MATTER is before the Court on PODS Enterprises LLC's Motion to Dismiss Bankruptcy Case ("Motion to Dismiss" or "Motion"). *See* Docket No. 110. The Court held a preliminary hearing on the Motion to Dismiss on March 29, 2018. Chad S. Bowen appeared at the preliminary hearing on behalf of PODS Enterprises, LLC ("PODS"). The Debtor, Shoua Xiong, did not appear. Instead, Terra Young, who represented to the Court that she has a power-of-attorney for Ms. Xiong, attended the hearing by telephone and explained that Ms. Xiong could not attend the hearing because of a medical emergency. The Court also permitted Ms. Young to comment on the Motion to Dismiss.

At the close of the preliminary hearing, the Court denied Ms. Young's oral motion for a continuance, stated that it will grant the Motion to Dismiss by default based on Ms. Xiong's failure to timely file a signed objection to the Motion, and stated that it will set forth its ruling in an order granting the Motion that will explain why PODS has standing to file the Motion. The Court enters this Memorandum Opinion to explain the basis for its oral ruling. The Court will enter a separate order granting the Motion to Dismiss in accordance with its oral ruling.[1]

---

[1] Ms. Xiong filed a Notice of Appeal on April 2, 2018. The filing of the appeal does not divest this Court of jurisdiction to enter this Memorandum Opinion and an order dismissing the bankruptcy case for two reasons. First, the matters from which Mr. Xiong appealed by the Notice of Appeal did not include the Court's oral ruling on the Motion to Dismiss made on March 29, 2018. *See* Notice of Appeal—Docket No. 129. Second, the oral ruling is not appealable until the Court enters an order dismissing the bankruptcy case. *See United States v. Karo*, 710 F.2d 1433, 1436 (10th Cir. 1983) *rev'd on other grounds*, 468 U.S. 705, 104 S.Ct. 3296, 82 L.Ed.2d 530 (1984) (an oral ruling is not appealable when the judge states that a written order will be entered).

PROCEDURAL HISTORY OF THIS BANKRUPTCY CASES

On October 24, 2017, Ms. Xiong filed a voluntary petition under Chapter 7 of the Bankruptcy Code to commence this bankruptcy case. On October 27, 2017, PODS filed an Emergency Motion for Relief from Automatic Stay ("Motion for Relief from Stay"). *See* Docket No. 13. The alleged emergency was to allow an auction of the contents in a PODS storage container scheduled for on November 2, 2017. *Id.*

On November 1, 2017, the Court held a preliminary hearing on the Motion for Relief from Stay rather than a final hearing. *See* Docket No. 24. Ms. Xiong did not appear at the preliminary hearing on the Motion for Relief from Stay. *Id.* Instead of appearing at the preliminary hearing, on November 1, 2017, Ms. Xiong filed an Emergency Motion for Extension of Time to File Debtor's Objection to Creditor's Motion and Request for Order for Relief from Debtor's Bankruptcy Automatic Stay and Debtor's Emergency Motion for Continuance ("First Motion for Extension and Continuance"). *See* Docket No. 23. She also filed a Motion to Avoid Alleged Creditor's Lien on Household Goods ("Motion to Avoid Lien"). *See* Docket No. 21.

Instead of granting the requested relief by default based on Ms. Xiong's failure to appear, the Court continued the preliminary hearing on the Motion for Relief from Stay, and set a preliminary hearing on the Motion to Avoid Lien to be held at the same time. *See* Order

Granting, in Part, Debtor's Emergency Motion for Extension of Time and Setting Preliminary Hearing ("Order") – Docket No. 26. As a result, PODS had to cancel the auction scheduled to take place on November 2, 2017.

Before continuing the preliminary hearing to November 6, 2017, the Court's chambers staff contacted Ms. Xiong's mother-in-law, Terra Young, by telephone to ask when Ms. Xiong would be available to appear at a continued preliminary hearing on the Motion for Relief from Stay. Ms. Young informed Chambers staff that Ms. Xiong would be available to attend a preliminary hearing on Monday, November 6, 2017 any time after 1:00 p.m. M.S.T. *Id.*

Ms. Xiong did not appear at the preliminary hearing on November 6, 2017. *See* Order Resulting from Preliminary Hearing on PODS Enterprises, LLC's Emergency Motion for Relief from the Automatic Stay and on Debtor's Motion to Avoid Alleged Creditor's Lien on Household Goods ("Scheduling Order") – Docket No. 35. Instead of appearing at the continued preliminary hearing, Ms. Xiong filed an objection to the Motion for Relief from Stay on November 6, 2017. *See* Docket No. 33. The Court set a final hearing on the Motion for Relief from Stay and on the Motion to Avoid Lien on December 7, 2017. *See* Scheduling Order, ¶ 1 – Docket No. 35.

On December 4, 2017, at 10:40 p.m., Terra Young emailed chambers staff a request for Ms. Xiong and herself as Ms. Young's power of attorney to appear by telephone at the December 7, 2017 final hearing. *See* Docket No. 51. On December 5, 2017 at 8:25 a.m. Terra Young emailed chambers staff another request for Ms. Xiong and herself as Ms. Young's power of attorney to appear by telephone at the December 7, 2017 final hearing. *See* Email correspondence filed as Docket No. 51. On December 5, 2017, the Court denied the Request

to Appear by Telephone at Final Hearing. *See* Docket No. 52.[2] To ensure notice, chambers staff emailed a .pdf copy of Order Denying Request to Appear by Telephone at Final Hearing on December 7, 2017 and Regarding Email Correspondence to the email address Ms. Xiong provided in her bankruptcy schedules. *See* Docket No. 56.

On December 7, 2017 at 11:32 a.m., Terra Young emailed yet another request to continue the hearing or in the alternative to appear by telephone (the "December 7 Email Correspondence"). *See* Docket No. 55. The December 7 Email Correspondence was sent to chambers staff in regards to the final hearing scheduled that day, December 7, 2017, at 1:30 p.m. on the Motion for Relief from Stay and on the Motion to Avoid Lien. The Court conducted the final hearing as scheduled. PODS appeared by telephone in accordance with the Court's Order.[3] PODS's witness and counsel appeared in Florida before a licensed court reporter who checked the witness's identification and administered the oath. Ms. Xiong did not appear at the final hearing on December 7, 2017.

On the record at the beginning of the final hearing on the Motion for Relief from Stay and on the Motion to Avoid Lien held December 7, 2017, the Court denied Ms. Xiong's last minute request to continue the hearing or in the alternative to appear by telephone set forth in the December 7 Email Correspondence. On December 14, 2017, the Court denied the Motion to Avoid Lien because Ms. Xiong did not attend the final hearing or provide evidence in

---

[2] As stated in the Court's ruling, the Court generally requires parties and witnesses to appear in person at final, evidentiary hearings. Ms. Xiong did not seek relief under Fed. R. Civ. P. 43(a) to appear by telephone and did not show the compelling circumstances required by that rule. *See* Order Denying Request to Appear by Telephone at Final Hearing on December 7, 2017 and Regarding Email Correspondence – Docket No 52. The Court did not permit Ms. Young to appear at the hearing on behalf of Ms. Xiong because Ms. Young is not an attorney licensed to practice law. *Id.*

[3] On November 7, 2018 the Court entered an order granting PODS' Motion to Permit Testimony by Declaration and Contemporaneous Transmission from a Different Location. *See* Docket Nos.25 (the motion) and 34 (the order). After finding compelling circumstances, required the declarant to be available at the final hearing to be cross-examined under oath as a condition to admitting testimony by declaration, and imposed adequate safeguards pursuant to Fed. R. Civ. P. 43(a). *See* Docket No. 34.

support of the motion; consequently, she did not meet her burden of proof. *See* Docket No. 62. The Court also granted the Motion for Relief from Stay. *See* Docket No. 63. The Court did not grant PODS' relief from the automatic stay by default as to Ms. Xiong and her property, but instead took evidence, made findings of fact and conclusions of law, and decided the issue on the merits. *See id.*

On February 2, 2018, the Court entered an order granting Ms. Xiong's motions to waive the filing fees for eighteen notices of appeal she filed. See Order Waiving Appeal Fees, Docket No. 97.

On February 27, 2018, Terra Young emailed an ex-parte communication to the Court on behalf of Ms. Xiong. *See* Docket No. 112. The Court entered an Order Regarding Email Correspondence Dated February 27, 2018 and Barring Debtor from Submitting Future Ex Parte Correspondence ("Order Regarding Email Correspondence"). *See* Docket No. 113. The Order Regarding Email Correspondence provided in part that, "The Debtor may not submit any further ex parte communication to the Court, via email or otherwise. Any request for relief from the Court must be made by filing an appropriate motion in the case with proper notice and service on opposing parties, or, if applicable, by filing a complaint to initiate an adversary proceeding. *See* NM LBR 9013-1, NM LBR 9004-1, and Fed. R. Bankr. P. 7001."

On February 27, 2018, PODS filed the Motion to Dismiss this chapter 7 case. *See* Docket No. 110. The next day, PODS filed and served a Notice (the "Notice") relating to the Motion to Dismiss, which stated: "unless the Bankruptcy Court orders otherwise, consistent with NM LBR 9013-1(g), you may either file a written objection before the Hearing or appear at the Hearing and object." *See* Docket No. 111. The Notice also gave notice of a preliminary hearing on the Motion to Dismiss set for March 21, 2018 at 10:00 a.m.

-5-

Case 17-12681-j7    Doc 132    Filed 04/06/18    Entered 04/06/18 10:21:21 Page 5 of 15

On March 21, 2018, Ms. Xiong filed a Motion for Enlargement of Time and Continuance to Respond to Motion to Dismiss ("Second Motion for Enlargement and Continuance"). *See* Docket No. 120. The Second Motion for Enlargement and Continuance sought two forms of relief:

1. To continue the preliminary hearing on the Motion to Dismiss until April 2, 2018; and
2. To extend the objection period to file an objection to the Motion to Dismiss until March 27, 2018.

*See id.*

On March 21, 2018 the Court held the preliminary hearing on the Motion to Dismiss. Ms. Xiong did not appear at the hearing. The Court continued the preliminary hearing on the Motion to Dismiss until March 29, 2018. *See* Docket No. 119. After the hearing, the Court entered an Order Fixing Deadline to Object to Motion to Dismiss and Continuing Preliminary Hearing on Motion to Dismiss ("Order Fixing Deadline"). *See* Docket No. 121. The Order Fixing Deadline granted, in part, the relief sought by Ms. Xiong in the Second Motion for Enlargement and Continuance.

The Order Fixing Deadline ordered, in part:

1. The deadline for Debtor to file a written objection to the Motion to Dismiss is **March 27, 2018.**
2. The preliminary hearing on the Motion to Dismiss is continued to **March 29, 2018** at **1:30 p.m.** in the Gila Courtroom, 5th Floor, Pete V. Domenici U.S. Courthouse, 333 Lomas Blvd. NW, Albuquerque, New Mexico.
3. Counsel for PODS may appear by telephone at the continued preliminary hearing on the Motion to Dismiss.
4. No further continuances of the preliminary hearing on the Motion to Dismiss will be granted.
5. If Debtor fails to appear at the continued preliminary hearing on March 29, 2018 at 1:30 p.m., or fails to file a written objection to the Motion to Dismiss by March 27, 2018, *the Court will grant the Motion to Dismiss by default and will dismiss the Debtor's bankruptcy case without further notice or a hearing.*

6. Any relief requested in the Motion for Continuance that is inconsistent with this Order is denied.

Order Fixing Deadline – Docket No. 121 (emphasis added).

On March 27, 2018, Debtor filed a duplicate of the Second Motion for Enlargement and Continuance. *See* Docket No. 123. Docket No. 121 has only an electronic signature on the signature line for Ms. Xiong; the document filed under Docket No. 123 has Ms. Xiong's actual signature.

On March 28, 2018, Ms. Young emailed a .pdf to Chambers staff entitled, Motion to Dismiss PODS Enterprises, LLC Motion to Dismiss Bankruptcy Case. *See* Docket No. 124. The Court filed the motion and treated the motion as an unsigned objection to the Motion to Dismiss (the "Objection").[4] The Objection is dated March 27, 2018, but was sent to Chambers' staff by ex parte email correspondence at 7:19 a.m. on March 28, 2018. *See* Docket No. 125. The Objection is not signed. *See* Docket No. 124.

Notwithstanding the untimeliness of the Objection, the Court did not grant the Motion to Dismiss by default prior to the scheduled hearing. Instead, the Court held a preliminary hearing on the Motion to Dismiss on March 29, 2018. Counsel for PODS appeared by telephone in support of the Motion to Dismiss. Ms. Xiong did not appear. Terra Young, who represented to the Court that she holds Ms. Xiong's power of attorney, also attended the hearing by telephone. The Court reminded Ms. Young that she could not represent Ms. Xiong at the hearing because she is not an attorney licensed to practice law.[5] The Court

---

[4] The Court's policy is not to accept documents by email for filing in a bankruptcy case or adversary proceeding. The Court nevertheless filed the Objection that Ms. Young emailed to the Court in the morning on March 28, 2018. Ms. Xiong did not file a signed Objection.

[5] A person holding a power of attorney who is not a licensed attorney authorized to practice law may not represent a debtor in a bankruptcy case. *See Sanders v. Funk,* No. 07-cv-00192-LTB-CBS, 2007 WL 1158531, at *3 (D. Colo. Apr. 6, 2007) ("Both state and federal courts agree that a statutory power of attorney may not be used to circumvent state law prohibitions on the unauthorized practice of law.") (citations omitted). "This is true even if the person has a 'power of attorney' granting authority to prosecute claims or appear for another person. Such a power may only be exercised in a court proceeding through representation by a licensed attorney."

-7-

Case 17-12681-j7    Doc 132    Filed 04/06/18    Entered 04/06/18 10:21:21 Page 7 of 15

nevertheless allowed Ms. Young to explain why Ms. Xiong was unable to attend the hearing and to comment on the Motion to Dismiss.

Ms. Young advised the Court that Ms. Xiong was not appearing at the preliminary hearing due to a medical emergency. Ms. Young asked the Court to continue the preliminary hearing. The Court allowed Ms. Young to argue at length at the preliminary hearing so she could make a record for appeal if Ms. Xiong appeals the Court's ruling that Ms. Young could not appear at the preliminary hearing on behalf of Ms. Xiong.

The Court found on the record at the preliminary hearing that the Objection Ms. Xiong filed to the Motion to Dismiss was deficient in two respects. First, it was untimely. It was filed on March 28, 2018. The deadline to file an objection was March 27, 2018. Second, it was unsigned and therefore legally ineffective. The Court made an oral ruling that it will grant the Motion to Dismiss, in accordance with the Order Fixing Deadline, because Ms. Xiong did not file a timely or signed Objection to the Motion, and stated that it will set forth its ruling in an order granting the Motion that explains why PODS has standing.

## DISCUSSION

PODS requests the Court to dismiss Ms. Xiong's bankruptcy case "for cause" under 11 U.S.C. § 707(a), which provides:

> The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
>
> > (1) unreasonable delay by the debtor that is prejudicial to creditors;
> >
> > (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
> >
> > (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing

---

*United States v. Renneisen,* No. 07-10180-02-WEB, 2010 WL 1758246, at *2 (D. Kan. Apr. 30, 2010) (citations omitted).

-8-

such case, the information required by paragraph (1) of section 521(a), but only on motion by the United States trustee.

11 U.S.C. § 707(a).

Before it made an oral ruling on the Motion to Dismiss, the Court considered whether PODS had standing to make the motion. Standing is jurisdictional. *See National Org. for Women, Inc. v. Scheidler,* 510 U.S. 249, 255, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994) ("Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation.") (citations omitted); *United States v. Ramos*, 695 F.3d 1035, 1046 (10th Cir. 2012) ("[S]tanding is a question of justiciability [that] implicates this court's jurisdiction[.]") (citation an internal quotation marks omitted). A court may examine its jurisdiction *sua sponte*. *Ramos,* 695 F.3d at 1046 ("[W]here the record reveals a colorable standing issue, we have a 'duty to undertake an independent examination' (*sua sponte* if necessary) of that issue.") (quoting *Morgan v. McCotter*, 365 F.3d 882, 887 (10th Cir. 2004) (remaining citations omitted)). The Court has concluded that PODS has standing.

PODS filed the Motion to Dismiss "for cause" under 11 U.S.C. §707(a).[6] A creditor has standing to request dismissal of a debtor's chapter 7 case "for cause," other than the grounds enumerated in subsection (3), which can only be requested on motion by the United States trustee. *See In re Aiello*, 428 B.R. 296, 298 (Bankr. E.D.N.Y. 2010) (noting that "§707(a)(3) expressly provides that only the United States trustee may seek dismissal under Section 707(a)" and considering creditor's motion to dismiss under § 707(a) for cause). *Cf. In re Creazzo*, 172 B.R. 657, 658 (Bankr. M.D. Fla. 1994) (concluding that the Liquidating

---

[6] The grounds for dismissal enumerated in 11 U.S.C. §707(a) are not exclusive. *See In re Piazza*, 719 F.3d 1253, 1261 (11th Cir. 2013) ("[T]he three enumerated examples in § 707(a) are illustrative, not exhaustive.") (citations omitted); *In re Turpen*, 244 B.R. 431, 434 (8th Cir. BAP 2000) ("Section 707(a) provides three illustrative examples of cause. However these examples are not exclusive; therefore, other grounds constituting 'cause' may justify dismissal.") (citations omitted).

Trustee had standing as a creditor to seek dismissal of debtor's chapter 7 case for "cause" under § 707(a)).

PODS qualifies as a creditor. "Creditor" is defined in the Bankruptcy Code to include the holder of a claim against the debtor that arose prior to commencement of the bankruptcy case. 11 U.S.C. §101(10). A claim includes a right to payment whether or not it is contingent, disputed, unliquidated or reduced to judgment. 11 U.S.C. §101(10). Ms. Xiong listed PODS in her bankruptcy schedules as a secured creditor holding a disputed claim. *See* Schedule D: Creditors Who Have Claims Secured by Property - Docket No. 31. In addition, the Court previously found after considering the evidence presented at the final stay hearing, that PODS' claim against Ms. Xiong arises under a Rental Agreement that went into effect when Ms. Xiong placed an online order with PODS, and that PODS confirmed the online order in an Order Confirmation that PODS emailed to Ms. Xiong. *See* Order Granting PODS Enterprises, LLC's Motion for Relief from Stay – Docket no. 63. The Court found further that 1) PODS delivered a storage container to Ms. Xiong's residence in New Mexico per the online order; 2) Ms. Xiong packed household goods into the storage container; and 3) per the online order, PODS shipped the storage container to New Hampshire. *Id.* PODS' claim is for unpaid charges under the Rental Agreement. *Id.* Although Ms. Xiong's disputes PODS' claim against her, and the Court's findings made in connection with its grant of stay relief may not have preclusive effect with respect to allowance of PODS's claim in the bankruptcy case, PODS nevertheless, as the holder of a disputed, unliquidated claim, is a creditor in the bankruptcy case. PODS therefore has standing to file the Motion to Dismiss.

Having determined that PODS has standing to request dismissal, the Court will grant the Motion to Dismiss by default. Section 707(a) allows the Court to dismiss a case only

"after notice and hearing." 11 U.S.C. § 707(a). The phrase "after notice and a hearing" as used in the Bankruptcy Code "means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). "After notice and a hearing" merely requires an "opportunity for a hearing." *In re Padilla*, 397 B.R. 545, at *2 (10th Cir. BAP 2008) (unpublished) (citing *In re Minkes,* 237 B.R. 476, 478 n.3 (8th Cir. BAP 1999) ("'After notice of a hearing' is a bankruptcy term of art which does not always require an actual hearing to occur, but does require appropriate notice and an opportunity for a hearing.") (citation omitted)). If proper notice is given, but no objection is timely filed, the Court may grant the Motion to Dismiss by default. *See* 11 U.S.C. § 102(1)(B) ("After notice and a hearing" "authorizes an act without an actual hearing if such notice is given properly and if such a hearing is not requested timely by a party in interest." ). *See also,* NM LBR 9013-1(e) ("If no objection is timely filed, the movant shall promptly submit to the court a proposed form of order . . .").

PODS filed the Motion to Dismiss on February 27, 2018, and mailed a copy of the Motion to Dismiss to Ms. Xiong on the same date at her address of record. *See* Docket No. 110. PODS obtained a hearing for the Motion to Dismiss under the alternative procedure outlined in NM LBR 9013-1(g), and sent a notice of the hearing to Ms. Xiong on February 28, 2018. *See* Notice of Filing and Preliminary Hearing on PODS Enterprises LLC's Motion to Dismiss Case ("Notice") – Docket No. 111. The Notice included the following provision:

> [U]nless the Bankruptcy Court orders otherwise, consistent with NM LBR 9013-1(g), you may either file a written objection before the Hearing or appear at the Hearing and object. If no objections are timely filed or made at the Hearing, the Court may grant the relief requested in the Motion without further notice or a hearing.

-11-

Ruling on a motion for continuance Ms. Xiong filed, the Court entered its Order Fixing Deadline on March 21, 2018. The Order Fixing Deadline granted Ms. Xiong's request to extend the time for her to object to the Motion to Dismiss by fixing a deadline of March 27, 2018 for Ms. Xiong to file a written objection to the Motion to Dismiss. *See* Docket No. 121. The Order Fixing Deadline also continued the preliminary hearing on the Motion to Dismiss to March 29, 2018, and provided

> If Debtor fails to appear at the continued preliminary hearing on March 29, 2018 at 1:30 p.m., or fails to file a written objection to the Motion to Dismiss by March 27, 2018, the Court will grant the Motion to Dismiss by default and will dismiss the Debtor's bankruptcy case without further notice or a hearing."

Ms. Xiong had adequate notice of the deadline to object to the Motion to Dismiss, and of the hearings scheduled.

Ms. Xiong did not file her Objection to the Motion to Dismiss until March 28, 2018, the day after the deadline specified by Court order. The Objection was untimely. In addition, the Objection does not bear Ms. Xiong's signature. The Objection was therefore ineffective. *See* Fed. R. Bankr. P. 9011(a) ("A party who is not represented by an attorney shall sign all papers.").

At the March 29, 2018 preliminary hearing on the Motion to Dismiss, among other things, Ms. Young represented to the Court that Ms. Xiong mailed the Objection on March 27, 2018. Even if the Court accepted Ms. Young's representation as true, mailing does not constitute filing. *See* Fed. R. Bankr. P. 5005(a)(1) ("objections and other papers required to be filed by these rules . . . shall be filed with the clerk in the district where the case under the Code is pending."); *Snyder v. Snyder*, No. 97-1081, 1998 WL 58175, at *3 (10th Cir. Feb. 11, 1998)  (unpublished) ("Mailing, however, does not constitute 'filing' under the Federal.

-12-

Rules of Civil Procedure.").[7] The Order Fixing Deadline clearly required the Debtor to "file" her objection by the March 27, 2018 deadline. Debtor did not file her objection by the deadline.

Under the circumstances of this case, the Court had determined that, in accordance with the Order Fixing Deadline, it is appropriate to grant the Motion to Dismiss by default based on Ms. Xiong's failure to file a timely, signed objection to the Motion to Dismiss.[8] The Notice informed Ms. Xiong that the failure to file an objection or to appear at the preliminary hearing *may* result in dismissal of her bankruptcy case without further notice or a hearing. *See* Docket No. 111. The Court's Order Fixing Deadline warned Ms. Xiong that the failure to file a timely objection or to appear at the March 29, 2018 hearing *will* result in dismissal of her bankruptcy case without further notice or a hearing. *See* Docket No. 121.

*Request for 180-day Prohibition to Refile*

The Motion to Dismiss includes a request to prohibit Ms. Xiong from filing another bankruptcy case for a period of 180 days pursuant to 11 U.S.C. § 109(g)(1). That section provides, in relevant part:

> [N]o individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> > (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case[.]

11 U.S.C. § 109(g)(1).

---

[7] *See also, In re Nimz Transp., Inc.*, 505 F.2d 177, 179 (7th Cir. 1974) ("[M]ailing alone does not constitute filing, . . . filing requires delivery and receipt by the property party.") (citations omitted); *Kahler-Ellis Co. v. Ohio Turnpike Comm'n*, 225 F.2d 922, 922 (6th Cir. 1955) (depositing notice in the mail "is not a filing; only when the clerk acquires custody has [a document] been filed.") (citations omitted).

[8] In light of Ms. Young's representation to the Court that Ms. Xiong was in a hospital emergency room of a hospital during the preliminary hearing, having been admitted earlier that day, the Court is not dismissing this bankruptcy case based on Ms. Xiong's failure to appear at the March 29, 2019 preliminary hearing.

-13-

Consistent with 11 U.S.C. § 109(g), the Court may dismiss a case with prejudice to re-filing another bankruptcy case for a period of 180 days. *In re Frieouf*, 938 F.2d 1099 (10th Cir. 1991); *In re Guebert,* No. 07-41165, 2008 WL 1744777, at *7 (Bankr. D. Kan. Apr. 11, 2008) (stating that the Bankruptcy Code allows "[d]ismissal with prejudice to the subsequent filing of a case under Title 11 pursuant to §109(g)").

There is ample evidence in the record of this bankruptcy case for the Court to conclude that Ms. Xiong has willfully failed to appear before the Court in proper prosecution of the case. Since the filing of the voluntary chapter 7 petition on October 24, 2017, the Court has held five hearings. *See* Docket Nos. 24, 30, 60, 119, and 126. Despite granting two of Ms. Xiong's requests for continuance, Ms. Xiong has not appeared at a single hearing, by telephone or otherwise. *See* Docket No. 26 (continuing hearing on Motion to Avoid Lien and Motion for Relief from Stay to November 6, 2017) and Docket No. 121 (continuing hearing on Motion to Dismiss to March 29, 2018).[9] She filed the Motion to Avoid Lien in response to PODS's Motion for Relief from Stay, but failed to appear at the scheduled final hearing in support of her motion, resulting in the denial of her Motion to Avoid Lien for failure to meet her burden of proof. *See* Docket No. 62.

Ms. Xiong has exhibited a consistent pattern of requesting continuances shortly before the date of the scheduled hearing. For example, Ms. Xiong requested a continuance of the December 7, 2017 hearing on December 1, 2017, despite having been given notice of the December 7, 2017 hearing a month earlier. *See* Docket No. 35 (scheduling order entered November 7, 2017 setting December 7, 2017 final hearing date); and Docket No. 44 (Motion for Continuance). The Court denied the request for continuance on December 4, 2017. *See*

---

[9] The Court denied Ms. Xiong's requests to continue the December 7, 2017 hearing. *See* Docket Nos. 49 and 61.

Docket No. 49. Ms. Xiong again requested a continuance on the day of the hearing. *See* Docket No. 55 (email correspondence dated December 7, 2017 requesting continuance). Ms. Xiong requested a continuance of the March 21, 2018 hearing on the Motion to Dismiss on the day of the scheduled hearing. *See* Docket No. 120. Regardless of whether the Court grants or denies Ms. Xiong's requests for continuance, Ms. Xiong does not appear at the hearing. The Court is aware that Ms. Xiong has an explanation for each of her failures to appear at scheduled hearings, whether it is an inability to leave work without jeopardizing her employment or an unexpected trip to the emergency room. But given her complete failure to attend any hearing, even by telephone, the Court can only conclude that Ms. Xiong has willfully failed to appear before the Court in proper prosecution of her case.

Based on the foregoing, the Court will grant the Motion to Dismiss and impose a 180-day restriction on Ms. Xiong to file another bankruptcy case consistent with 11 U.S.C. § 109(g)(1).

The Court will enter a separate order consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 6, 2018

COPY TO:

Shoua Xiong
PO Box 3718
Corrales, NM 87048

Chad S. Bowen
Bowen Law Group
Attorney for PODS Enterprises, LLC
P.O. Box 173442
Tampa, FL 33672

-15-

Case 17-12681-j7    Doc 132    Filed 04/06/18    Entered 04/06/18 10:21:21 Page 15 of 15